**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Miscellaneous Matter No.  _____**

| | | |
|---|---|---|
| In Re: CLAUDIA A. NESMITH | : | Chapter 13 |
|     7000 N. 12TH Street | : | |
|     Philadelphia, PA 19126 | : | |
| | : | |
|     Debtor | : | Bankruptcy Court No. 99-35258DWS |
| | : | |
| CLAUDIA A. NESMITH, on behalf | : | Bankruptcy Court Adv. Proc. No. 02-590 |
| of herself and all other persons | : | |
| similarly situated, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | |
| CHASE MANHATTAN MORTGAGE | : | |
| CORPORATION, | : | |
| | : | |
|         Defendant. | : | |

**O R D E R**

AND NOW, this ___ day of _____, 2002, upon consideration of the

Unopposed Motion of Defendant, Chase Manhattan Mortgage Corporation, to Withdraw the

Reference, IT IS HEREBY ORDERED that the motion is GRANTED, and that the reference of

the above-captioned adversary proceeding is WITHDRAWN.

_____
                                           U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### Miscellaneous Matter No. _____

| | | |
|---|---|---|
| **In Re: CLAUDIA A. NESMITH** | : | **Chapter 13** |
| **7000 N. 12TH Street** | : | |
| **Philadelphia, PA 19126** | : | |
| | : | |
| **Debtor** | : | **Bankruptcy Court No. 99-35258DWS** |
| | : | |
| **CLAUDIA A. NESMITH, on behalf** | : | **Bankruptcy Court Adv. Proc. No. 02-590** |
| **of herself and all other persons** | : | |
| **similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHASE MANHATTAN MORTGAGE** | : | |
| **CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

### UNOPPOSED MOTION OF DEFENDANT, CHASE MANHATTAN MORTGAGE CORPORATION, FOR WITHDRAWAL OF REFERENCE

Defendant, Chase Manhattan Mortgage Corporation ("Chase"), hereby moves

pursuant to 28 U.S.C. § 157(d) for an Order withdrawing the reference of the above-captioned

adversary proceeding.  The grounds for this motion are set forth in the accompanying

memorandum of law.[1]

        Chase has been authorized by counsel for Plaintiff to inform the Court that the

relief sought in the motion (withdrawal of the reference) is UNOPPOSED.


                                     _____

                                     Darryl J. May
                                     Vincent J. Marriott, III
                                     Tara M. Sell
                                     BALLARD SPAHR ANDREWS &
                                         INGERSOLL, LLP
                                     1735 Market Street, 51st Floor
                                     Philadelphia, PA  19103-7599
                                     (215) 864-8103
                                     (215) 864-9167

                                     Attorneys for Defendant
                                     Chase Manhattan Mortgage Corporation

---

[1]    Chase respectfully informs this Court that it has also filed a motion to dismiss the complaint commencing this adversary proceeding.  The motion was filed on June 24, 2002.  A copy is attached to the accompanying Memorandum of Law as Exhibit 2.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### Miscellaneous Matter No.  _____

| | | |
|---|---|---|
| In Re: CLAUDIA A. NESMITH | : | Chapter 13 |
| 7000 N. 12TH Street | : | |
| Philadelphia, PA 19126 | : | |
| | : | |
| _____Debtor_____ | : | Bankruptcy Court No. 99-35258DWS |
| | : | |
| CLAUDIA A. NESMITH, on behalf | : | Bankruptcy Court Adv. Proc. No. 02-590 |
| of herself and all other persons | : | |
| similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN MORTGAGE | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF LAW OF DEFENDANT
### CHASE MANHATTAN MORTGAGE CORPORATION IN SUPPORT
### OF ITS UNOPPOSED MOTION TO WITHDRAWAL THE REFERENCE

## I.    INTRODUCTION

Plaintiff, Claudia A. Nesmith, has filed an adversary complaint against defendant,

Chase Manhattan Mortgage Corporation ("Chase"), that seeks certification of a nationwide class

action.  The claims asserted do not arise under the Bankruptcy Code, and the putative class is not

limited to debtors in bankruptcy.  In essence, the Complaint claims that Chase did not properly

credit to plaintiff's account mortgage payments made on her behalf by her employer, Verizon.

Plaintiff avers that, as a result, the IRS Form 1098 (Mortgage Interest Statement) for plaintiff for

the 2001 tax year was incorrect, and that various other unspecified Chase account records were

PHL_A #1635942 v2

inaccurate or indecipherable. Based on these allegations, plaintiff asserts a claim for breach of contract; a Truth in Lending Act ("TILA") violation; and a claim for breach of fiduciary duty.

The TILA claim of plaintiff arises under a federal law "regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The relief sought by plaintiff would, if granted, result (in Chase's view, as set forth in its Motion to Dismiss) in a substantial expansion of the circumstances requiring TILA disclosures. Moreover, neither the TILA claim nor the state law breach of contract and breach of fiduciary duty claims constitutes a "core" proceeding under 28 U.S.C. § 157(b), and the purported class nature of this proceeding will, if in fact a class were to be certified, entail complicated jurisdictional issues and potentially complex pretrial proceedings. Accordingly, under both the mandatory and permissive withdrawal provisions of 28 U.S.C. § 157(d), the reference of this adversary proceeding should be withdrawn.

Plaintiff, through her counsel, has authorized Chase to inform the Court that she does not oppose the withdrawal of the reference.

## II.    STATEMENT OF FACTS [2]

On or about May 28, 1998, plaintiff entered into a mortgage loan with Chase for purchase of her home at 7000 N. 12th St., Philadelphia. Both the Mortgage and Note are attached to the Complaint as Exhibit A. (Compl. ¶ 5.) On December 6, 1999, plaintiff filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code"). (Compl. ¶ 6.) On July 5, 2000, plaintiff applied to the Bankruptcy Court for an Order directing her employer, Verizon, to deduct $586 from plaintiff's wages on a semi-monthly basis to be

---

[2]    For purposes of this motion alone, the allegations of the Complaint will be taken as true. A copy of the Complaint is attached hereto as Exhibit 1.

remitted by Verizon to Chase (plaintiff's monthly payment was $1,172); by Order dated July 11, 2000, this request was granted.  (Compl. ¶ 8.)

At first Verizon failed to remit semi-monthly mortgage payments deducted from plaintiff's wages, but it is alleged that on October 1, 2000, it started to do so.  (Compl. ¶ 9.)  In April 2001, however, plaintiff discovered that Chase "had consistently failed to cash one of the two monthly payments sent by Verizon to Chase on plaintiff's behalf."  (Compl. ¶ ¶ 11-12.)  Although this last averment is not clear, Chase presumes that plaintiff avers that, since December 2000, Chase failed to cash one of the two *semi*-monthly payments Verizon sent each month to Chase.

The reason for Chase's alleged failure to cash these checks is, according to the Complaint, disputed.  Chase returned a number of checks with the notation that Verizon failed to put the proper identifying information on them, but plaintiff disputes that this is so.  (Compl. ¶ 13.)

As a result of the foregoing, plaintiff complains that the Form 1098 tax-reporting form Chase provided plaintiff and the IRS for tax year 2001 was inaccurate.  The form allegedly mis-reported the escrow balance, the amount of interest paid during 2001, and the "pre-payment amount."  (Compl. ¶ 16.)  Plaintiff further alleges that "various payment data and account information" documents Chase has supplied to plaintiff, on plaintiff's request, are inconsistent, incomplete and confusing.  (Compl. ¶ ¶ 15, 17.)

## III.   ARGUMENT

### A.   This Proceeding Involves a Substantial and Material Consideration of Non-Bankruptcy Federal Law and Withdrawal of the Reference is Mandatory.

Under 28 U.S.C. § 157(a), the District Courts are authorized to refer to the Bankruptcy Courts "any and all cases under [the Bankruptcy Code] and any or all proceedings

3

arising under or arising in or related to a case under" the Bankruptcy Code.  The United States

District Court for the Eastern District of Pennsylvania has, by Standing Order of Reference,

dated November 8, 1990, made such a referral in this district.

Notwithstanding a general referral under Section 157(a), a District Court may,

and under certain circumstances must, withdraw the reference of a case or proceeding that is

pending in the Bankruptcy Court.  28 U.S.C. § 157(d).  Section 157(d) mandates withdrawal of

the reference if:

> the [district] court determines that resolution of the proceeding
> requires consideration of both [the Bankruptcy Code] and other
> laws of the United States regulating organizations or activities
> affecting interstate commerce.

28 U.S.C. § 157(d).  The majority of courts interpreting this provision do not require that the

matter requires the consideration of bankruptcy law issues, so long as the consideration of "other

laws" – here, TILA – is "substantial and material," and the federal statute has more than a *de*

*minimis* impact on interstate commerce.  *In re St. Mary Hospital v. Hiser*, 115 B.R. 495, 497

(E.D. Pa. 1990)(citing to *In re White Motor Corp.*, 42 B.R. 693 (N.D. Ohio 1984), and surveying

cases).

Here, an alleged cause of action under TILA, a federal statute that regulates

"organizations or activities affecting interstate commerce," is the touchstone of plaintiff's

Complaint.  Moreover, as argued by Chase in its Memorandum of Law in Support of Its Motion

to Dismiss the Complaint, a copy of which is attached hereto as Exhibit 2, Plaintiff seeks a

significant expansion of the circumstances requiring TILA disclosure.  *See* Memorandum of Law

in Support of Motion to Dismiss, at 3-6.  Thus, this case will necessitate the substantial and

material consideration of TILA, which triggers the mandatory withdrawal provision of Section

157(d).

*In re Schlein*, 188 B.R. 13 (E.D. Pa. 1995), is instructive.  There, the District Court considered a motion to withdraw the reference in connection with an adversary proceeding alleging contract and tort claims, but also asserting a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *Id.* at 14.    In granting the motion, the court, per Judge Joyner, observed that:

> the court will be called upon to determine whether the acts
> complained of constitute RICO violations and whether the
> elements of a RICO violation have been satisfied in each instance.
> These inquiries necessitate the substantial and material
> consideration of RICO, which triggers the mandatory withdrawal
> provision of § 157(d).

*Id.  See* also *St. Mary Hospital*, 115 B.R. at 498 ("When the bankruptcy court must engage in a complex search for the appropriate interpretation of a non-bankruptcy federal statute involving an issue of first impression, section 157(d) withdrawal is required").  In light of the circumstances set forth above, mandatory withdrawal of the reference is appropriate.

### B.    Cause Exists for the Permissive Withdrawal of this Proceeding.

In addition to mandating withdrawal under certain circumstances, 28 U.S.C. § 157(d) also contemplates permissive withdrawal for "cause:"

> The district court may withdraw, in whole or in part, any case or
> proceeding referred under this section, on its own motion or on
> timely motion of any party, for cause shown.

Aside from being subject to mandatory withdrawal under Section 157(d), this proceeding meets the criteria for permissive withdrawal.

Although not made explicit by the statute, the threshold inquiry into whether a showing of cause for withdrawal can be made is whether or not a proceeding is a "core" proceeding within the meaning of 28 U.S.C. § 157(b), with permissive withdrawal of core proceedings less amenable to withdrawal of non-core proceedings.  *Times Mirror Magazines,*

*Inc. v. Las Vegas Sports News, L.L.C.*, 1999 U.S. Dist. LEXIS 3166 at *3-5 (E.D. Pa. Mar. 16, 1999).[3] A "core" proceeding is one which invokes a substantive right created by the Bankruptcy Code or is a proceeding that could only arise in the context of a bankruptcy case. *In re Eagle Enter., Inc.*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001) (citing *Torkelson v. Maggio*, 72 F.3d 1171, 1178 (3rd Cir. 1996)). If the claims asserted in a proceeding depend solely on state law or could proceed outside the bankruptcy court, then the proceeding is non-core. *In re Eagle Enterprises, Inc.*, 259 B.R. at 86. *See Pozzi v. Merchants & Business Men's Mut. Ins. Co.*, 1992 U.S. Dist. LEXIS 7540, *3 (E.D. Pa. 1992)("Where a debtor asserts a common law cause of action that could have been brought independently of federal bankruptcy law, the proceeding is non-core.")(citations omitted).

Although, here, the Complaint conclusorily avers that this proceeding is core (Compl. ¶ 2), it plainly is not. The Complaint alleges state law claims of breach of contract and breach of fiduciary duty, and the non-bankruptcy federal law claim of a violation of TILA. And, although the plaintiff is in bankruptcy, the putative class definition is not limited to those persons who are, or have been, in bankruptcy proceedings. (Complaint, ¶ 20.) Manifestly, this proceeding is not one which invokes a substantive right created by the Bankruptcy Code, nor is it

---

[3]    Under 28 U.S.C. § 157(b), bankruptcy judges have the power to enter final orders and judgments (that is, orders subject only to ordinary appellate review) in core proceedings, but are precluded, absent the consent of the litigants, from entering final orders or judgments in non-core proceedings. In non-core proceedings, unless all parties consent otherwise, a bankruptcy court must submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1). *See In re Second Pine, Inc.*, 107 B.R. 48, 49 (E.D. Pa. 1989). This dichotomy has implications for judicial economy, since if a non-core matter is tried in the first instance by the Bankruptcy Court, the District Court must conduct a de novo review of both the Bankruptcy Court's proposed findings of fact and its conclusions of law. *In re Pelullo*, 1997 U.S. Dist. LEXIS 12324 (E.D. Pa. Aug. 15, 1997). More generally, core matters constitute the basic function of the Bankruptcy Courts, and to withdraw such matters routinely would undermine the Bankruptcy Court system. Not so non-core matters, which are in Bankruptcy Court by happenstance rather than by design.

a proceeding that could only arise in the context of a bankruptcy case.  It is a paradigmatic non-core proceeding.

Beyond the core/non-core inquiry, the United States Court of Appeals for the Third Circuit has set forth four considerations integral to deciding whether to permissively withdraw the reference: (1) promoting uniformity in bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering the economical use of the debtors' and creditors' resources; and (4) expediting the bankruptcy process.  *See In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990).  If a class were to be certified in this case, it would not (by class definition) be limited to debtors in bankruptcy.  Thus, it would likely be composed largely of non-debtor members asserting claims unrelated to bankruptcy law.  Moreover, the Bankruptcy Court would not be able to enter a final judgment, even as to the named plaintiff.  It is hard to imagine a more wasteful use of Bankruptcy Court judicial time and resources, or a more complete disruption to and delay of plaintiff's bankruptcy proceeding.  Therefore, good cause exists for the permissive withdrawal of this proceeding as well.

IV.    **CONCLUSION**

For the foregoing reasons, Chase respectfully requests that its unopposed motion for the withdrawal of the reference be granted, and that the reference be withdrawn.

Respectfully submitted,

_____

Darryl J. May
Vincent J. Marriott, III
Tara M. Sell
BALLARD SPAHR ANDREWS &
    INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 864-8103
(215) 864-9167

Attorneys for Defendant
Chase Manhattan Mortgage Corporation

Dated:  July 2, 2002

## <u>CERTIFICATE OF SERVICE</u>

I, Darryl J. May, Esquire, do hereby certify that on this date, I caused copies of the foregoing Motion of Defendants, Chase Manhattan Mortgage Corporation, to Withdrawal the Reference and Memorandum of Law in support thereof, to be served as follows:

Ann Miller, Esquire
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
**(By Hand Delivery)**

Richard D. Greenfield, Esquire
Greenfield & Goodman, LLC
24579 Deep Neck Road
Royal Oak, MD 21662
**(REGULAR MAIL)**

Dated:    July 2, 2002                    _____

Darryl J. May